UNITED STATES DISTRICT COURT
EASTERN DISTRIT OF WISCONSIN
MILWAUKEE DIVISION

---

CIRCUIT RACING HC, LLC and
JUSTIN BEHN,

    Plaintiffs,

  v.

CITY OF HARTFORD, ERIK
ENGEBRETSEN, MITCHELL
KRAEMER, RICHARD THICKENS,
and JOHN DOES 1-10,

    Defendants.

Case No. 2:22-cv-00968

---

## COMPLAINT

NOW COMES Plaintiff Justin Behn, by his attorneys, THE SULTON LAW FIRM LLC, by Attorney William F. Sulton and alleges the following:

### I. INTRODUCTION

1. Plaintiff Justin Behn owned and operated Plaintiff Circuit Racing HC LLC. On August 20, 2019, City of Hartford police officers permitted civilians, known to the officers to be involved in property disputes with Plaintiffs, to trespass on Mr. Behn's home (also the location of Circuit Racing) during the execution of a search warrant. The civilians caused damage to real, personal, and business property; and took-and-carried away personal and business property. Defendants' misconduct was a knowing violation of Plaintiffs' clearly established

constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## II.  THE PARTIES

### A.  The Plaintiffs

2. Plaintiff Circuit Racing HC, LLC ("Circuit Racing") is a Wisconsin limited liability company with its principal office in Washington County, Wisconsin.

3. Plaintiff Justin Behn ("Mr. Behn") is an adult resident of Washington County, Wisconsin.

### B.  The Defendants

4. Defendant City of Hartford ("City of Hartford") is a municipality incorporated in the State of Wisconsin. As a local government entity, the City of Hartford is a juridical entity under 42 U.S.C. § 1983. The Hartford Police Department is a division of the City of Hartford.

5. Defendant Erik Engebretsen ("Det. Engebretsen"), at all times relevant to Mr. Behn's claims, was a police detective working for the City of Hartford. Det. Engebretsen, at all times relevant to Mr. Behn's claims, was acting under color of law and within the scope of his employment as a police detective.

6. Defendant Mitchell Kraemer ("Ofc. Kraemer"), at all times relevant to Mr. Behn's claims, was a police officer working for the City of Hartford. Ofc. Kraemer, at all times relevant to Mr. Behn's claims, was acting under color of law and within the scope of his employment as a police officer.

7. Defendant Richard Thickens ("Det. Thickens"), at all times relevant to Mr. Behn's claims, was a police detective working for the City of Hartford. Det. Thickens, at all times relevant to Mr. Behn's claims, was acting under color of law and within the scope of his employment as a police detective.

8. Defendants John Does 1-5 are police officers employed by the City of Hartford who conspired with civilians to steal Mr. Behn's property during the execution of a search warrant to seize a single motorcycle; or those who acted in reckless disregard or deliberate indifference to Mr. Behn's property rights by allowing civilians trespass on Mr. Behn's real property during the execution of a search and steal Mr. Behn's property.

9. Defendants John Does 6-10 are supervisory officials whose liability includes all or some of the following: their own culpable action or inaction in the supervision or control of their subordinates, their acquiescence or ratification in the constitutional deprivations alleged in this complaint, or conduct showing reckless disregard or deliberate indifference to Plaintiffs rights.

### III. JURISDICTION AND VENUE

10. The United States District Court for the Eastern District of Wisconsin has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs allege violations of the United States Constitution.

11. The United States District Court for the Eastern District of Wisconsin also has jurisdiction under 28 U.S.C. § 1343(a)(3) because Plaintiffs

alleges that they was deprived of rights guaranteed by the United States Constitution under color of State law.

12. The United States District Court for the Eastern District of Wisconsin also has jurisdiction under 28 U.S.C. § 1343(a)(4) because Plaintiffs seek damages under an Act of Congress, namely 42 U.S.C. § 1983, providing for the protection of civil rights.

13. Venue in the United States District Court for the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in Eastern District of Wisconsin.

14. Venue in the United States District Court for the Eastern District of Wisconsin is also proper pursuant 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' claims occurred in the Eastern District of Wisconsin.

## IV.  THE FACTS

15. In August 2019, Mr. Behn lived in a single-family home in the City of Hartford. Mr. Behn operated Circuit Racing out of his home.

16. On August 16, 2019, Richard Connors ("Agt. Connors"), an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), asked City of Hartford police officers to assist with the execution of a search warrant at Mr. Behn's home on August 20, 2019.

17. On August 20, 2019, ATF agents executed a search warrant on Mr. Behn's home.

18. After the ATF's warrant, Det. Engebretsen, Det. Thickens, Ofc. Kraemer, and/or John Does 1-10 trespassed on Plaintiffs' real property to conduct a separate search concerning an investigation of a fleeing motorcycle.

19. Det. Engebretsen left Mr. Behn's home to complete an application for a search warrant that had already been drafted in anticipation of the trespassing.

20. Det. Engebretsen applied for a search warrant with the Circuit Court for Washington County.

21. The Circuit Court for Washington County issued the requested search warrant, which permitted the seizure of a single motorcycle.

22. Det. Engebretsen, Det. Thickens, Ofc. Kraemer, and/or John Does 1-10 executed a second search warrant for the seizure of a single motorcycle.

23. Det. Engebretsen, Det. Thickens, Ofc. Kraemer, and/or John Does 1-10 also conspired with or permitted civilians (i.e., persons who were not police officers) to trespass on Plaintiffs real property and steal dozens of vehicles and other property. These civilians were known to the officers to be involved in property disputes with Plaintiffs.

24. During the civilians' searches and thefts of Plaintiffs' property, the civilians caused damage to Plaintiffs' real, personal, and business property.

## V. THE CLAIMS

25. Plaintiffs incorporate here all other paragraphs in this complaint.

26. Det. Engebretsen acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to

trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

27. Det. Engebretsen acted contrary to the Fourth and Fourteenth Amendments by permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

28. Det. Thickens acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

29. Det. Thickens acted contrary to the Fourth and Fourteenth Amendments by permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

30. Ofc. Kraemer acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

31. Ofc. Kraemer acted contrary to the Fourth and Fourteenth Amendments by permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

32. John Does 1-5 acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to

trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

33. John Does 1-5 acted contrary to the Fourth and Fourteenth Amendments by permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

34. John Does 6-10 acted contrary to the Fourth and Fourteenth Amendments through constitutionally deficient supervision and control of their subordinates during the operation that caused Plaintiffs' damages.

35. Given that an entire shift of officers descended on Plaintiffs' property with civilians whom the officers knew were going to steal Plaintiffs' property, it was the policy of the City of Hartford to cause the constitutional violations complained of herein.

36. Moreover, the City of Hartford, through its police department, subsequently ratified the constitutional violations complained of herein.

37. Defendants acted contrary to the Equal Protection Clause by singling out Mr. Behn and his business.

38. Defendants treated similarly situated persons and business involved in property more favorably than Plaintiffs. In other words, Defendants did not permit other civilians involved in property disputes to trespass on property during a search warrant and steal property or cause property damage.

39. Defendants singled out Mr. Behn and his business because of their personal animus toward Mr. Behn.

40. As a result of Defendants' unlawful conduct, Plaintiffs suffered injuries and damages, without limitation to property loss; lost profits; emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## VI. RELIEF REQUESTED

41. Wherefore, Plaintiffs respectfully requests that this Honorable Court enter judgment for them and against Defendants, jointly and severally, and provide the following relief:

   a. An order awarding damages for property loss in an amount to be determined by a jury.

   b. An order awarding damages for lost profits in an amount to be determined by a jury.

   c. An order awarding damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life in an amount to be determined by a jury.

   d. An order awarding punitive damages in an amount to be determined by a jury.

   e. An order awarding attorney's fees, expert's fees, and other taxable costs and disbursements in an amount to be determined by the Court.

   f. An order for such further necessary and property relief as determined by the Court, without limitation to pre- and post-judgment interest.

## VII.  JURY DEMAND

42. Plaintiffs hereby demand a trial by a jury of on all issues of fact and damages stated herein.

Date: August 22, 2022.                             Respectfully submitted,

*/s/ William F. Sulton*
WILLIAM F. SULTON

THE SULTON LAW FIRM LLC
2745 N. Dr. M.L.K. Dr, Ste 202
Milwaukee, WI 53212

414-477-0088 (direct)
414-250-7676 (fax)
william@sultonlaw.com

*Attorneys for Plaintiff*

[9 / 9]