UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CIRCUIT RACING HC, LLC, et al.,**

     Plaintiffs,

  v.              Case No. 22-CV-968

**CITY OF HARTFORD, et al.,**

     Defendants.

---

## DECISION AND ORDER

---

This action is before the court on the defendants' motion to dismiss. Therefore, the court presumes the facts set forth below, which are taken from the complaint, to be true at this stage of the proceedings. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**1. Facts and Procedural History**

Justin Behn owned and operated Circuit Racing HC, LLC out of his home. (ECF No. 1, ¶¶ 1, 15.) On August 20, 2019, City of Hartford police officers and Bureau of Alcohol, Tobacco, Firearms and Explosives special agents executed a search warrant at Behn's home. (ECF No. 1, ¶¶ 1, 17.) These "officers permitted civilians, known to the officers to be involved in property disputes" with Behn and Circuit Racing to "trespass

on Mr. Behn's home … during the execution of [the] search warrant." (ECF No. 1, ¶¶ 1, 23.) "The civilians caused damage to real, personal, and business property; and took-and-carried away personal and business property." (ECF No. 1, ¶¶ 1, 24.)

During the search, Detective Erik Engebretsen, Detective Richard Thickens, Police Officer Mitchell Kraemer, and John Does 1-10 "trespassed on Plaintiffs' real property to conduct a separate search concerning an investigation of a fleeing motorcycle." (ECF No. 1, ¶ 18.) Engebretsen subsequently obtained a search warrant that authorized the seizure of a motorcycle. (ECF No. 1, ¶¶ 19-22.) Officers then seized that motorcycle. (ECF No. 1, ¶ 22.)

Behn and Circuit Racing filed this action on August 22, 2022, alleging that the City of Hartford, Engebretsen, Thickens, Kraemer, and John Does 1-10 violated the Fourth and Fourteenth Amendments "by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property." (ECF No. 1, ¶ 26.)

2. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

   3. **Statute of Limitations**

The defendants move to dismiss the complaint on the ground that it is untimely. (ECF No. 10.) The events that form the basis of the plaintiffs' claims occurred on August 20, 2019. (ECF No. 1, ¶ 1.) The plaintiffs filed this action on August 22, 2022.[1] It is undisputed that the applicable statute of limitations is three years. (ECF Nos. 11 at 4-5; 12 at 2); *see also Hemberger v. Bitzer*, 216 Wis. 2d 509, 519, 574 N.W.2d 656, 660 (1998); Wis. Stat. § 893.53.

August 20, 2022, was a Saturday. When the statute of limitations expires on a Saturday, it is automatically extended to the next business day. *Farley v. Koepp*, 788 F.3d 681, 684 n.2 (7th Cir. 2015). The plaintiffs pointed this out in their response to the motion to dismiss (ECF No. 12 at 4), and the defendants in reply concede that the complaint was timely filed (ECF No. 13 at 1).

Nonetheless, the plaintiffs concede that the statute of limitation has run with respect to the John Doe defendants. (ECF No. 12 at 1, fn. 1.) Accordingly, the John Doe defendants will be dismissed.

---

[1] The defendants incorrectly state in their brief, "This is a civil action filed on August 16, 2022 …." (ECF No. 11 at 1.)

### 4. City of Hartford

The City of Hartford argues that it must be dismissed as a defendant because the complaint lacks sufficient allegations against it.

Respondeat superior liability does not apply to constitutional torts. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 663 n.7 (1978)). A local government is liable for constitutional torts under § 1983 only when its own policy or custom caused the constitutional violation. *Id.* (citing *Monell*, 436 U.S. at 614). "A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (citing *Monell*, 436 U.S. at 690; *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009)). The policy must have been the "moving force" behind the constitutional violation. *Teesdale v. City of Chi.*, 690 F.3d 829, 833 (7th Cir. 2012).

"The Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." *McCormick v. City of Chi.*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). Having said

that, "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality." *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). To state a *Monell* claim against a municipality the plaintiffs must plead facts that allow the court to draw a reasonable inference that the municipality maintained a policy, custom, or practice that injured the plaintiffs. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011); *see also Kossman v. Doe*, No. 22-cv-3055-JBM, 2022 U.S. Dist. LEXIS 113947, at *7 (C.D. Ill. June 28, 2022) ("Plaintiff must plead a sufficient factual basis for a *Monell* claim, as it is not enough to merely plead the legal elements of the claim.") (citing *McCauley*, 671 F.3d at 617-18).

The only allegations in the complaint with respect to Hartford are the following:

> 35. Given that an entire shift of officers descended on Plaintiffs' property with civilians whom the officers knew were going to steal Plaintiffs' property, it was the policy of the City of Hartford to cause the constitutional violations complained of herein.
>
> 36. Moreover, the City of Hartford, through its police department, subsequently ratified the constitutional violations complained of herein.

(ECF No. 1, ¶¶ 35-36.)

The first clause of paragraph 35 does not support the second. The fact that "an entire shift of officers" went to the plaintiffs' property during the execution of a federal search warrant does not support an inference that Hartford had a policy of allowing civilians to trespass and damage and steal property during the execution of search warrants. It suggests, at most, that Hartford officials approved of its officers assisting in

the execution of a federal search warrant. Even the allegation that the officers knew that the civilians "were going to steal Plaintiffs' property" does not suggest the existence of any policy or custom of Hartford. It at best suggests that, in this particular incident, some Hartford employees understood that the plaintiffs' constitutional rights would be violated. But a single incident is not enough to support the existence of a policy or custom. *See Daniel v. Cook Cty.*, 833 F.3d 728, 734 (7th Cir. 2016) (noting that an official policy, custom, or practice requires more than deficiencies specific to the plaintiff's own experience) (citing *Thomas*, 604 F.3d at 303 (noting that a policy, custom, or practice "must be more than one instance"); *Little v. Young*, No. 22-cv-2142-JBM, 2022 U.S. Dist. LEXIS 177341, at *6 (C.D. Ill. Sep. 29, 2022).

That leaves the second clause of paragraph 35—that "it was the policy of the City of Hartford to cause the constitutional violations complained of herein." (ECF No. 1, ¶ 35.) But that is simply a bald conclusion, and such conclusory allegations are insufficient to sustain a *Monell* claim. Conclusory allegations must be "buttressed by facts alleging wrongdoing by the City, as required by *Monell*." *McCormick*, 230 F.3d at 325; *see also Curry v. Wexford Health Sources*, No. 22-cv-1237, 2022 U.S. Dist. LEXIS 188997, at *7 (C.D. Ill. Oct. 17, 2022) ("In the instances where *Monell* claims may proceed with conclusory allegations of a policy or practice, some supporting facts must be pled to allow a reasonable inference that the alleged policy or practice exists sufficient to put the defendant on notice of the alleged wrongdoing."). As explained, the first clause of

paragraph 35 does nothing to buttress the second clause. The plaintiffs do not argue that any other aspect of the complaint supports their allegation that "it was the policy of the City of Hartford to cause the constitutional violations complained of herein." (ECF No. 1, ¶ 35.) Consequently, paragraph 35 is insufficient to support a *Monell* claim against Hartford.

The only other allegation against Hartford, paragraph 36, is similarly conclusory. The plaintiffs offer no facts as to how Hartford "ratified the constitutional violations complained of herein." Because the claim against Hartford is supported only by conclusory statements, it must be dismissed. *See Iqbal*, 556 U.S. at 678.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 10) is **granted in part**. It is granted with respect to the City of Hartford and the John Doe defendants, and these defendants are dismissed without prejudice. The motion is denied in all other respects.

Dated at Milwaukee, Wisconsin this 27th day of February, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge