UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CIRCUIT RACING HC, LLC, et al.

        Plaintiffs,                                    Case No. 2:22-cv-00968

v.

ERIK ENGEBRETSEN, et al.

        Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendants, Erik Engebresten, Mitchell Kraemer, and Richard Thickens, by their attorneys, Wirth + Baynard, submit the following brief in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. 12(c).

## INTRODUCTION

On August 22, 2022, Plaintiffs Justin Behn and his business, Circuit Racing HC LLC ("Plaintiffs") filed a Complaint against the City of Hartford, Erik Engebretsen, Mitchell Kraemer, Richard Thickens, and John Does 1-10. (Dkt. 1, ¶¶ 2-9) Plaintiffs claimed that Hartford Police Detective Erik Engebretsen, Hartford Police Officer Mitchell Kraemer, Hartford Police Detective Richard Thickens (hereinafter the "Defendant Officers") and John Does conspired with or permitted civilians to trespass on Plaintiffs' property, damage Plaintiffs' property, and steal dozens of vehicles and other property. (Dkt. 1, ¶ 23-24) Plaintiffs made a *Monell* claim against the City of Hartford, and they also brought an equal protection claim against the Defendants. (Dkt. 1, ¶¶ 35-39)

On December 28, 2022, Defendants filed a motion to dismiss. (Dkt. 10) Defendants made three main arguments. Defendants argued that Plaintiffs' claims alleging intentional acts were barred by Wisconsin's three-year statute of limitations. (Dkt. 11, p. 4-5) Defendants argued that the *Monell* claims against the City of Hartford failed to state a claim, and that the remaining claims alleged against the John Doe defendants must be dismissed for lack of specificity as to the identity of the individuals. (Dkt. 11, p. 5-6)

The Court granted the Motion in part on February 27, 2023. (Dkt. 16) The Court found that Wisconsin's three-year statute of limitations applied to the case, and it dismissed the unnamed John Doe defendants. (Dkt. 16, p. 3) The Court also dismissed Plaintiffs' *Monell* claims and Defendant City of Hartford. (Dkt. 16, 4-7)

Defendants now move for judgment on the pleadings as to Plaintiffs' remaining speculative claims.

## **FACTUAL BACKGROUND**[1]

Justin Behn owned and operated Circuit Racing LLC, out of his single-family home in Hartford, Wisconsin. (Dkt. 1, ¶¶ 1, 15) On August 16, 2019, Richard Connors, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), asked City of Hartford police officers to assist with the execution of a search warrant at Behn's home on August 20, 2019. (Dkt. 1, ¶ 16)

Plaintiffs allege that after the ATF's search warrant, Det. Engebretsen left Behn's home to complete an application for another search warrant. (Dkt. 1, ¶ 19) The Washington County Circuit Court issued the requested search warrant, which permitted the seizure of a motorcycle. (Dkt. 1, ¶

---

[1] The facts in Plaintiffs' Complaint are treated as true <u>only</u> for purposes of this motion. Defendants reserve the right to contest these facts. *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 555 (2007)(determinations of the sufficiency of claim must be made "on the assumption that all allegations in the complaint are true even if doubtful in fact"). Of course, Defendants have already filed an Answer and Affirmative Defenses denying most of Plaintiffs' allegations.

21) Plaintiffs allege that the Defendant Officers conspired with or permitted civilians to trespass on Plaintiffs' property, damage Plaintiffs' property, and steal dozens of vehicles and other property. (Dkt. 1, ¶ 23-24) Plaintiffs allege that the civilians were known to the officers to be involved in property disputes with Plaintiffs. (Dkt. 1, ¶ 23)

## STANDARD OF REVIEW

Under Rule 12(c), a party may move for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law. *E.g., Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). In reviewing the judgment, the court is confined to the matters presented in the pleadings and the facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiffs' claim are not ignored. *Brown v. Pick 'N Save Food Stores*, 138 F. Supp. 2d 1133, 1136 (E.D. Wis. 2001). The same standard as a motion to dismiss under Rule 12(b)(6) applies when reviewing a motion for judgment on the pleadings. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017).

To survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, [the court should] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(quoting *Iqbal*, 129 S.Ct. at 1951). In other words, the Supreme Court explained that any legal conclusions must be supported by factual allegations in the complaint.

Therefore, to survive the motion, a plaintiff must plead in the complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1951 (citing *Twombly*, 550 U.S. at 556). A court should essentially parse out the conclusory allegations and "determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *McCauley*, 671 F.3d at 616. "The degree of specificity required [of the factual allegations] is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405. If allegations of a complaint give rise to an "obvious alternative [legitimate] explanation'" for the conduct which is allegedly wrongful, the claim fails to meet the plausibility requirement and must be dismissed. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

### I. PLAINTIFFS' CONSPIRACY BASED FOURTH AND FOURTEENTH AMENDMENT CLAIMS FAIL TO STATE A CLAIM.

Plaintiffs' Complaint consists of threadbare conclusions regarding the claims being brought against the Defendant Officers. *See* (Dkt. 1). The alleged conspiracy claims involve the Defendant Officers and unnamed civilians. *See* (Dkt. 1, ¶¶ 15-34). Plaintiffs' conspiracy allegations seemingly are based upon 42 U.S.C. § 1983. (Dkt. 1, ¶ 12). However, the language of the Plaintiffs' Complaint is broad enough to potentially encompass claims under 42. U.S.C. § 1985. Regardless of which statute Plaintiffs' Complaint alleges conspiracy claims against Defendant Officers, such claims must be dismissed as they fail to state a claim upon which relief can be granted.

4

## A. Plaintiffs' 1983 Conspiracy Claim Fails to State a Claim.

Plaintiffs claim that the Defendant Officers acted contrary to the Fourth and Fourteenth Amendments by conspiring with civilians and "permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property." (Dkt. 1, ¶¶ 26-34) Plaintiffs conspiracy claim is brought pursuant to 42 U.S.C. § 1983. (Dkt. 1, ¶ 12).

To prevail on a 1983 claim, Plaintiffs must establish:

> (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents.

*Mirabeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1007 (E.D. Wis. 2010), *quoting Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007). Vague and conclusory allegations cannot sustain Plaintiffs' burden of proof. *Mirabeau of Geneva Lake, LLC*, 746 F.Supp.2d at 1008. (citation omitted) Importantly, "'a complaint **must** contain factual allegations suggesting that the defendants reached a meeting of the minds' with respect to violating the plaintiff's constitutional rights." *Id.* (citation omitted; emphasis added) Finally, "there must be a conspiracy, an agreement on a joint course of action in which the private party and the state **have a common goal**." *Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1989). (citation omitted; emphasis added)

Here, Plaintiffs' allegations toward each Officer Defendant are identical and contain threadbare conclusions regarding a conspiracy between said officers and unnamed civilians. Plaintiffs allege:

> [Officer Defendant] acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, causing damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property.

5

(Dkt. 1, ¶¶ 26, 28, 30) Plaintiffs allege "[Defendant Officers] conspired with or permitted civilians (i.e., persons who were not police officers) to trespass on Plaintiffs real property and steal dozens of vehicles and other property. These civilians were known to the officers to be involved in property disputes with Plaintiffs." (Dkt. 1, ¶ 23)

There are no factual allegations that the Defendants reached a meeting of the minds regarding a violation of Plaintiffs' constitutional rights. *See* (Dkt. 1, ¶¶ 15-34) Plaintiffs do not identify the individuals with whom the officers allegedly conspired. (*Id.*) Likewise, Plaintiffs do not allege that the conspirators shared a common goal in enacting a conspiracy. (*Id.*) Plaintiffs have not provided the required degree of specificity to present a story that holds together pursuant to *McCauley*, 671 F.3d at 616, but rather, Plaintiffs simply state legal conclusions and elements without identification of the parties or any possible meeting of the minds. Simply put, Plaintiffs have not established the elements of conspiracy and cannot establish said claim with mere conclusory and threadbare statements.

### B. Plaintiffs' 1985 Conspiracy Claim Fails to State a Claim.

In the event that Plaintiffs are claiming conspiracy under 42 U.S.C. § 1985, said claims must fail because Plaintiffs cannot establish the parties involved in the conspiracy, the plan, or the agreement with the parties to deprive Plaintiffs of their constitutional rights. To prove the elements of a 42 U.S.C. § 1985(3) conspiracy claim, a plaintiff must prove:

> (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.

*Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). (citations omitted)

6

Moreover, Plaintiffs must prove that "the conspirators [had] an agreement to inflict injury or harm upon [the plaintiff]." *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir. 1999)(*rev'd in part on other grounds*, 446 U.S. 754)(1980). "Mere allegations of a conspiracy are insufficient to withstand a motion to dismiss." *House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992). The principal element of an unlawful conspiracy claim is an agreement between parties to inflict a wrong against, or injury upon, another. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1255 (7th Cir. 1984)(*overruled on other grounds*, 414 F.3d 783 (7th Cir. 2005)). Plaintiffs must demonstrate that the conspirators acted with "a single plan, the essential nature and general scope of which [was] known to each [alleged conspirator.]" *Id.* (citation omitted) Conspiracy allegations are held to a higher standard of specificity than other allegations, and a plaintiff's allegations of conspiracy must be more than a bare conclusion and must not be vague. *See Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009). A plaintiff **must** have more than a suspicion that a conspiracy occurred. *Id.* Further, an "agreement may be inferred from circumstantial evidence, **but only if** there is sufficient evidence that would permit a reasonable jury to conclude that a **meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives.**" *Hernandez*, 197 F.3d at 263. (emphasis added)

Here, there are no factual allegations that an agreement was in place that establishes an alleged conspiracy. *See* (Dkt. 1, ¶¶ 15-34) Plaintiffs do not identify the individuals with whom the officers allegedly conspired, their agreement, or their plan. (*Id.*) Plaintiffs also do not allege that Defendant Officers and the unknown conspirators agreed to inflict harm upon Plaintiffs. (*Id.*) Plaintiffs do not allege any detail establishing the meeting of the minds between the parties or that the parties had an understanding of their objectives. In fact, Plaintiffs did not even name the alleged private citizens involved. Again, Plaintiffs have not established the elements of conspiracy and

cannot establish said claim with mere conclusory and threadbare statements. Therefore, Plaintiffs' conspiracy claims must be dismissed.

## II. PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs claim that the Defendants acted contrary to the Equal Protections Clause and treated them differently than other similarly situated persons and businesses. (Dkt. 1, ¶¶ 37-39) The Equal Protection Clause prohibits discrimination from state actors that discriminate "on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called class of one." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). To establish a class-of-one equal protection claim, Plaintiffs must establish:

> (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment.

*Id.* Further,

> To be "similarly situated" for purposes of a class-of-one equal protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects; while this is not a precise formula, it is nonetheless clear that similarly situated individuals must be very similar indeed.

*Id.*

Plaintiffs' Complaint does not identify any one person or business that was treated differently in a similar situation. *See* (Dkt. 1) Plaintiffs' allegations regarding an Equal Protection claim consist of only two paragraphs that claim that "Defendants acted contrary to the Equal Protection Clause by singling out Mr. Behn and his business," and that "Defendants treated similarly situated persons and business involved in property more favorably than Plaintiffs." (Dkt. 1, ¶¶ 37-39) There are no explanations, circumstances, dates, names, or other information that could establish the plausibility of how other "similarly situated" classes/individuals are treated

differently from Plaintiffs. Plaintiffs' Complaint merely recites some of the elements of a legal claim. (Dkt. 1, ¶¶ 37-39) As stated, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. (citation omitted)

Additionally, to be "similarly situated," the other party must be "identical or directly comparable" to Plaintiffs "in all material respects." *Reget*, 595 F.3d at 695. Plaintiffs have not provided any information about the alleged "similarly situated parties" to substantiate their claims. Simply stating "similarly situated persons and business" is nothing more than a legal conclusion, which does not satisfy the plausibility standard established in the *Iqbal* and *Twombly* decisions.

Moreover, Plaintiffs' Complaint is overly broad in its usage of classes/individuals under the Equal Protection Clause. To allow such a broad usage of a "similarly situated" class/individual would lead to absurd results. By Plaintiffs' logic, if a hypothetical police officer was alleged to have improperly seized property from a plaintiff in violation of the Fourth Amendment, nothing could stop a hypothetical plaintiff from claiming there was an Equal Protection claim, because the hypothetical plaintiff was treated differently than parties that did not have their property improperly seized. Such an outcome is absurd and would lead to all alleged civil rights claims containing an Equal Protection claim.

Furthermore, Plaintiffs allegation that the Defendants had personal animus towards them is speculation, and speculation cannot be used to support their claim. (Dkt. 1, ¶ 39) There is no plausible explanation or facts that establish that Defendants have animus towards Plaintiffs. Thus, because Plaintiffs have failed to allege any facts supporting that they were singled out, their claim fails to state a claim upon which relief can be granted.

9

## **CONCLUSION**

Plaintiffs' speculatory and conclusory claims fail to state a claim against the Defendant Officers. As such, Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings and dismiss all claims alleged against them, with prejudice.

Dated at Wauwatosa, Wisconsin this 15th day of August 2023.

                                            **WIRTH + BAYNARD**
                                            Attorneys for Defendants,

BY:    */s/ Ryan J. Truesdale*
           Ryan J. Truesdale
           SBN: 1092417
           Email: rjt@wbattys.com
           9898 W. Bluemound Rd. Suite 2
           Wauwatosa, WI 53226
           P: (414) 291-7979
           F. (414) 291-7960