UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CIRCUIT RACING HC, LLC, et al.,**

            **Plaintiffs,**

     **v.**                                        **Case No. 22-CV-968**

**CITY OF HARTFORD, et al.,**

            **Defendants.**

---

### DECISION AND ORDER

---

**1. Facts and Procedural History**

Justin Behn owned and operated Circuit Racing HC, LLC out of his home. (ECF No. 1, ¶¶ 1, 15.) On August 20, 2019, City of Hartford police officers and Bureau of Alcohol, Tobacco, Firearms and Explosives special agents executed a search warrant at Behn's home. (ECF No. 1, ¶¶ 1, 17.) These "officers permitted civilians, known to the officers to be involved in property disputes" with Behn and Circuit Racing to "trespass on Mr. Behn's home … during the execution of [the] search warrant." (ECF No. 1, ¶¶ 1, 23.) "The civilians caused damage to real, personal, and business property; and took-and-carried away personal and business property." (ECF No. 1, ¶¶ 1, 24.)

During the search, Detective Erik Engebretsen, Detective Richard Thickens, Police Officer Mitchell Kraemer, and John Does 1-10 "trespassed on Plaintiffs' real property to conduct a separate search concerning an investigation of a fleeing motorcycle." (ECF No. 1, ¶ 18.) Engebretsen subsequently obtained a search warrant that authorized the seizure of a motorcycle. (ECF No. 1, ¶¶ 19-22.) Officers then seized that motorcycle. (ECF No. 1, ¶ 22.)

Behn and Circuit Racing filed this action on August 22, 2022, alleging that the City of Hartford, Engebretsen, Thickens, Kraemer, and John Does 1-10 violated the Fourth and Fourteenth Amendments "by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property." (ECF No. 1, ¶ 26.) On February 27, 2023, the court granted in part the defendants' motion to dismiss. *Circuit Racing HC, LLC v. City of Hartford*, No. 22-CV-968, 2023 U.S. Dist. LEXIS 31678 (E.D. Wis. Feb. 27, 2023). The court dismissed the City of Hartford and the John Does as defendants. The remaining defendants, individual Hartford detectives and a police officer, now seek judgment on the pleadings.

## 2. Judgment on the Pleadings Standard

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed … a party may move for judgment on the pleadings." A motion under Rule 12(c) generally requires the court to apply the same well-established standard applicable to a motion under Rule 12(b)(6). Thus, to survive a motion for

judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true the facts alleged in the complaint. *St. John*, 822 F.3d at 388.

However, the court need not accept as true any legal assertions. *Lodholtz*, 778 F.3d at 639 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)). A Rule 12(c) motion is to be granted "only if it appears beyond doubt that [the plaintiff] cannot prove any facts that would support [its] claim for relief." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016) (quoting *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Having said that, Rule 12(c) is more expansive than Rule 12(b)(6):

When the movant seeks relief under 12(c) based upon the substantive merits of the case rather than a procedural defect cognizable under 12(b)(6), the court applies the standard applicable to a motion for summary judgment. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Thus, the court considers whether there exists a "genuine dispute as to any material fact" and whether the movant "is entitled to judgment as a matter of law." *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). The difference between Rule 12(c) and Rule 56 is that under Rule 12(c) the court's review is limited to the pleadings. *Alexander*, 994 F.2d at 336. "When the complaint itself contains everything needed to

> show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).").

*Chapman v. Milwaukee County*, No. 15-CV-14, 2015 U.S. Dist. LEXIS 130195, at *4 (E.D. Wis. Sept. 25, 2015).

**3. Analysis**

3.1. **Section 1983 Conspiracy**

A conspiracy claim under § 1983 requires the existence of an underlying constitutional violation. *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017); *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). "[T]o establish § 1983 liability through a conspiracy theory, 'a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents.'" *Cooney v. Casady*, 735 F.3d 514, 518 (7th Cir. 2013) (quoting *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012)); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citing *Starnes v. Capital Cities Media*, 39 F.3d 1394, 1397 (7th Cir. 1994); quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)). "[V]ague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden …." *Cooney*, 735 F.3d at 519; *see also Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) ("[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted

under color of state law and are not sufficient to survive a motion to dismiss.") (quoting *Fries*, 146 F.3d at 458).

The plaintiffs' use of the § 1983 conspiracy theory of liability is unconventional. The theory is usually used to subject non-state actors to liability under § 1983. But here the plaintiffs do not name the non-state co-conspirators as defendants. Instead, the plaintiffs attempt to subject state actors to liability for the actions of unnamed non-state actors. In any event, the plaintiffs retain the burden to plead more than vague and conclusory allegations of a conspiracy.

The plaintiffs' allegations of a conspiracy consist of the following:

> Det. Engebretsen, Det. Thickens, Ofc. Kraemer, and/or John Does 1-10 also conspired with or permitted civilians (i.e., persons who were not police officers) to trespass on Plaintiffs real property and steal dozens of vehicles and other property. These civilians were known to the officers to be involved in property disputes with Plaintiffs. (ECF No. 1, ¶ 23.)

> Det. Engebretsen acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property. (ECF No. 1, ¶ 26.)

> Det. Thickens acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property. (ECF No. 1, ¶ 28.)

> Ofc. Kraemer acted contrary to the Fourth and Fourteenth Amendments to the United States Constitution by conspiring with civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property. (ECF No. 1, ¶ 30.)

These "mere conclusory statements" are not even "[t]hreadbare recitals of the elements of a cause of action." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They are woefully insufficient to allege a § 1983 conspiracy. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) ("a bare allegation of conspiracy was not enough to survive a motion to dismiss for failure to state a claim"); *Eason v. Raoul*, No. 22-3126, 2023 U.S. App. LEXIS 25177, at *2 (7th Cir. Sep. 22, 2023) (unpublished) ("a complaint alleging conspiracy needs to contain factual allegations suggesting that the defendants agreed to violate his rights"). Not only are the alleged co-conspirators not named, there is no hint that any private person had any plausible suspicion that conduct the plaintiffs complain of violated the Constitution. The defendants are entitled to judgment as to the plaintiffs' § 1983 conspiracy claim.

### 3.2. Equal Protection

The defendants also seek judgment on the plaintiffs' equal protection claim.

The plaintiffs allege:

37. Defendants acted contrary to the Equal Protection Clause by singling out Mr. Behn and his business.

38. Defendants treated similarly situated persons and business involved in property more favorably than Plaintiffs. In other words, Defendants did not permit other civilians involved in property disputes to trespass on property during a search warrant and steal property or cause property damage.

39. Defendants singled out Mr. Behn and his business because of their personal animus toward Mr. Behn.

(ECF No. 1, ¶¶ 37-39.)

The plaintiffs assert that they are alleging a class-of-one equal protection claim. (ECF No. 31 at 3.) "The Equal Protection Clause has … come to be understood to protect individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Geinosky v. City of Chi.*, 675 F.3d 743, 747 (7th Cir. 2012). To state such a claim, a plaintiff ordinarily "must allege that he was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* (quoting *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008)); *Miller v. City of Monona*, 784 F.3d 1113, 1120 (7th Cir. 2015) ("Normally, a class-of-one plaintiff will show an absence of rational basis by identifying some comparator—that is, some similarly situated person who was treated differently." (quoting *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014)). But a plaintiff does not need to identify in the complaint who the similarly situated person is. *Miller*, 784 F.3d at 1120.

"One element of a proper class-of-one claim is a wrongful act that necessarily involves treatment departing from some norm or common practice." *Geinosky*, 675 F.3d at 747. Torts are, nearly by definition, a deviation from a norm. Yet not every instance of different treatment, or even every constitutional violation, gives rise to a class-of-one

equal protection claim. Ordinary wrongful acts must be distinguished from "deliberately discriminatory denials of equal protection." *Id.* at 748.

The complaint is devoid of anything that distinguishes the defendants' conduct from ordinary wrongdoing. *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012), is distinguishable. There the plaintiff alleged he was being harassed by police officers who repeatedly issued him bogus parking tickets. As the court described the decision in a later case, it "emphasized that '[s]ome of the tickets were inconsistent with others received at the same time, implying, for example, that the Toyota was in two places almost at once or was simultaneously double-parked and parked on the sidewalk.'" *Miller*, 784 F.3d at 1121 (quoting *Geinosky*, 675 F.3d at 745). It "reasoned that this 'extraordinary pattern of baseless tickets' amounted to a plausible class-of-one claim, particularly since '[r]eason and common sense provide no answer to why he was targeted that could be considered a legitimate exercise of police discretion.'" *Id.* (quoting *Geinosky*, 675 F.3d at 748).

There is nothing to suggest that any of the present defendants had any personal bias or vendetta against either of the plaintiffs, *see Van Dyke v. Vill. of Alsip*, 819 F. App'x 431, 432 (7th Cir. 2020) (unpublished) (citing *Geinosky*, 675 F.3d 743; *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc)), or that the myriad of rational explanations for disparate treatment should be excluded, *see Miller*, 784 F.3d at 1120. In short, there is nothing to suggest that the plaintiffs were "singl[ed] out … for different

treatment for arbitrary and irrational purposes." *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 929 F.3d 914, 920 (7th Cir. 2019) (quoting *Geinosky*, 675 F.3d at 747).

### 4. Conclusion

The court will grant the defendants' motion for judgment on the pleadings as to the plaintiffs' § 1983 conspiracy and equal protection claims. However, that does not end the case or even dismiss the entire complaint. The plaintiffs have also alleged substantive Fourth and Fourteenth Amendment claims against the defendants. (ECF No. 1, ¶¶ 27, 29, 31.) Although the defendants purport to have moved to dismiss all of the plaintiffs' remaining claims (ECF Nos. 26; 27 at 2; 10), the defendants have not addressed those claims in their motion.

**IT IS THEREFORE ORDERED** that the defendants' motion for judgment on the pleadings (ECF No. 26) is **granted**.

Dated at Milwaukee, Wisconsin this 6th day of November, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge