UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CIRCUIT RACING HC, LLC, et al.,**

    **Plaintiffs,**

    v.      Case No. 22-CV-968

**ERIK ENGEBRETSEN, et al.,**

    **Defendants.**

## DECISION AND ORDER

**1. Background**

Justin Behn owned and operated Circuit Racing HC, LLC out of his home. (ECF No. 1, ¶¶ 1, 15.) He and Circuit Racing sued the City of Hartford and various of its police officers for actions that occurred during the execution of a search warrant at his home.

The defendants have been chipping away at this case since it was filed. They first filed a motion to dismiss. (ECF No. 10.) That resulted in the court dismissing the City of Hartford and the John Doe defendants. *Circuit Racing HC, LLC v. City of Hartford*, No. 22-CV-968, 2023 U.S. Dist. LEXIS 31678, at *7 (E.D. Wis. Feb. 27, 2023).

The remaining defendants then moved for judgment on the pleadings. (ECF No. 26.) That resulted in the court dismissing the plaintiffs' conspiracy and equal protection claims, but it did not end the case because the defendants' motion did not address the plaintiffs' Fourth Amendment claims. *Cir. Racing HC, LLC v. City of Hartford*, No. 22-CV-968, 2023 U.S. Dist. LEXIS 198570, at *9 (E.D. Wis. Nov. 6, 2023).

Thereafter, the defendants filed another motion for judgment on the pleadings, this time looking to dismiss the Fourth Amendment claim. (ECF No. 34.) Shortly after briefing on that motion wrapped up, the defendants filed a motion for summary judgment. (ECF No. 38.) After seeking an extension of time in which to respond to the defendants' summary judgment motion (ECF No. 49) (which the court granted (ECF No. 50)), the plaintiffs did not respond to the summary judgment motion. Therefore, all of the defendants' proposed findings of fact are deemed admitted. *See* Civ. L.R. 56(b)(4). The following is taken from those facts.

Detective Erik Engebretsen, Police Officer Mitchell Kraemer, and Detective Richard Thickens were all employed by the Hartford Police Department. (ECF No. 40, ¶¶ 6-8.) On or about August 1, 2019, they were contacted by a Special Agent from the Bureau of Alcohol, Tobacco, and Firearms, requesting assistance in the execution of a federal search warrant at Behn's home. (ECF No. 40, ¶¶ 26-28, 30-32.) The detectives participated in the execution of the search warrant, and Office Kraemer provided security. (ECF No. 40, ¶¶ 34-45.)

While Kraemer was providing security at the end of Behn's driveway, he was approached by people who asked if they could enter Behn's property. (ECF No. 40, ¶¶ 47-48.) Kraemer did not allow any of them access to Behn's property. (ECF No. 40, ¶¶ 49-50.)

Even before they were contacted by the ATF special agent, the detectives had already been investigating Behn regarding a person on a motorcycle who in April 2019 fled from the police a few months earlier. (ECF No. 40, ¶¶ 11-25.) During the execution of the federal search warrant Engebretsen left the property to obtain a state search warrant for a motorcycle that he found in plain view in Behn's garage that fit the description of the one used in the fleeing offense. (ECF No. 40, ¶¶ 42-43, 51-56.) When Engebretsen returned with the warrant, Kraemer left. (ECF No. 40, ¶¶ 57-58.) Engebretsen seized the motorcycle pursuant to the state warrant and then left with the motorcycle. (ECF No. 40, ¶¶ 59-60.) The ATF soon wrapped up its search and closed the gates to the property. (ECF No. 40, ¶¶ 66-67.)

Later that day Behn contacted the Hartford Police Department and complained that officers had stolen property during the execution of the search warrant. (ECF No. 40, ¶¶ 74-76.) A sergeant stated that ATF officials had released certain property during the execution of the warrant, but the Hartford Police Department was not involved with this. (ECF No. 40, ¶¶ 77, 79.) None of the defendants allowed any civilian to enter, take, or damage any property belonging to Behn. (ECF No. 40, ¶¶ 80-83.)

2. **Summary Judgment Standard**

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

3. **Analysis**

The plaintiffs' Fourth Amendment claims rest on their allegation that Engebretsen, Thickens, and Kraemer "acted contrary to the Fourth and Fourteenth Amendments by permitting civilians to trespass on Plaintiffs' property, cause damage to Plaintiffs' property, and take-and-carry away Plaintiffs' property." (ECF No. 1, ¶¶ 27, 29, 31.)

The undisputed facts demonstrate that these allegations are not true. None of the defendants allowed any civilian to enter the plaintiffs' property, much less damage or take any of the plaintiffs' property. (ECF No. 40, ¶¶ 77, 79, 80-83.) Accordingly, the

defendants' motion for summary judgment will be granted. The defendants' motion for judgment on the pleadings will be dismissed as moot.

**IT IS THEREFORE ORDERED** that Erik Engebretsen, Mitchell Kraemer, and Richard Thickens's Motion for Summary Judgment (ECF No. 38) is **granted**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Erik Engebretsen, Mitchell Kraemer, Richard Thickens's Motion for Judgment on the Pleadings (ECF No. 34) is **dismissed as moot**.

Dated at Milwaukee, Wisconsin this 30th day of April, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge